NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RICHARD MCQUESTION, | ) | Hon. Harold A. Ackerman |
| Plaintiff, | ) ) | Civil Action No. 06-2329 (HAA) |
| v. | ) ) | **OPINION & ORDER** |
| NEW JERSEY TRANSIT RAIL OPERATIONS, INC., | ) ) ) | |
| Defendant. | ) ) | |

Thomas M. McCarthy, Esq.
574 Newark Avenue
Jersey City, New Jersey 07306
*Attorney for Plaintiff*

Joseph M. Hannon, Esq.
GENEVA, BURNS & VERNOIA
354 Eisenhower Parkway
Eisenhower Plaza II
Suite 2575
Livingston, New Jersey 07039
*Attorneys for Defendant*

**ACKERMAN, Senior District Judge:**

      This matter comes before the Court on two motions. Defendant New Jersey Transit Rail Operations, Inc. ("NJTRO") has moved to dismiss for failure to state a claim (Doc. No. 8), and Plaintiff Richard McQuestion ("McQuestion") has filed a cross-motion for summary judgment (Doc. No. 28). For the reasons stated below, NJTRO's motion to dismiss will be granted and

McQuestion's cross-motion will be denied.

*Background*

Plaintiff McQuestion was formerly employed by NJTRO as a police officer. On April 27, 1985, while driving to work in an unmarked vehicle on the New Jersey Turnpike at approximately 9 p.m., McQuestion observed a speeding vehicle weaving in and out of traffic and cutting off other vehicles. McQuestion, who was wearing civilian clothing, pulled up to the vehicle, which had two occupants, turned on his dome light, showed his badge to the driver, and directed the driver to pull over to the side of the road. Rather than pull over, the driver allegedly attempted to run McQuestion off the road. The passenger then shouldered an object, which McQuestion claims he thought was a gun, while the driver allegedly continued to try to run McQuestion off the road. McQuestion alleges that he then heard what he thought to be a gunshot coming from the vehicle and consequently discharged his own weapon four times into the still-moving vehicle, wounding the driver in the neck. Ultimately, McQuestion found beer bottles inside the vehicle, and both the driver and passenger intoxicated. Additionally, the object that McQuestion allegedly mistook to be a gun was a 36-inch long cylindrical piece of wood, which was also found inside the vehicle.

The same night of the shooting incident, McQuestion was suspended from service without pay by NJTRO's Director of Police, Joseph Slawsky, pending the results of an investigation and departmental hearing. On June 20, 1985, after an NJTRO in-house trial in which Slawsky was the decision officer, McQuestion was terminated from his employment due to the shooting incident. McQuestion appealed his termination to the National Railroad Adjustment Board ("NRAB"). On September 18, 1986, in Award No. 4478, the NRAB

determined that it lacked jurisdiction over the appeal and upheld McQuestion's termination. On August 3, 2001, after a lengthy procedural history in the federal courts, the case was remanded to the NRAB.[1] On May 21, 2004, in Interpretation No. 1 to Award No. 4478 ("Interpretation No. 1"), the NRAB upheld McQuestion's termination.

On May 22, 2006, McQuestion filed a Complaint in this Court seeking the following relief: (1) that Interpretation No. 1 be reversed; (2) that the Court find that McQuestion did not have a fair and impartial trial; and (3) that the Court remand this matter to the NRAB for further proceedings. On December 8, 2006, NJTRO filed a motion to dismiss for failure to state a claim. On January 25, 2008, McQuestion filed a cross-motion for summary judgment, which also served as opposition to NJTRO's motion to dismiss.

*Analysis*

**I.    Standard of Review**

Rule 12(b)(6) permits a court to dismiss a complaint, or a count therein, for failure to state a claim upon which relief may be granted. In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423

---

[1] On July 6, 1994, the Third Circuit held that the NRAB had wrongfully determined that it lacked jurisdiction over McQuestion's appeal and remanded the case to a court in this District for further proceedings consistent with its decision. *McQuestion v. N.J. Transit Rail Operations, Inc.*, 30 F.3d 388, 397 (3d Cir. 1994). The case was then mistakenly closed in the District Court. However, on August 3, 2001, another court in this District entered an Order reopening the case and remanding the matter to the NRAB for a rehearing of McQuestion's petition.

F.3d 347, 350 (3d Cir. 2005)); *see also, e.g.*, *Labov v. Lalley*, 809 F.2d 220, 221 (3d Cir. 1987). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). A complaint must contain "enough facts to state a claim to relief that is plausible on its face," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 127 S. Ct. at 1974, 1965 (citations omitted). A court need not accept "'unsupported conclusions and unwarranted inferences,'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)), and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness," *Wyeth v. Ranbaxy Labs., Ltd.*, 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Kanter*, 489 F.3d at 177 ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.") (quoting *Evancho*, 423 F.3d at 351).

**II.     Plaintiff's Claims Must Be Dismissed for Failure to Meet The Railway Labor Act's Requirements for Setting Aside or Remanding an Order of the NRAB**

The Supreme Court has held that judicial review of NRAB orders is limited to the grounds set forth in 45 U.S.C. §153 First (q): "'[F]indings and order of the [NRAB] shall be conclusive on the parties' and may be set aside only for the three reasons specified therein."

4

*Union Pac. R.R. Co. v. Sheehan*, 439 U.S. 89, 93 (1978) (quoting 45 U.S.C. §153 First (q)). A district court may set aside or remand an order of the NRAB only under three circumstances: (1) the NRAB must have failed to comply with the requirements of the Railway Labor Act ("RLA"), 45 U.S.C. §151, *et seq*.; (2) the NRAB must have failed to conform, or confine, itself to matters within the scope of its jurisdiction; or (3) that a member of the NRAB issuing the order engaged in fraud or corruption. 45 U.S.C. §153 First (q). McQuestion argues that the NRAB, in Interpretation No. 1, failed to comply with the requirements of the RLA; failed to conform, or confine, itself to matters within the scope of its jurisdiction; and, in so doing, denied McQuestion due process.

According to McQuestion, NJTRO did not have written procedures for disciplinary investigations and trials of police officers. As a result, NJTRO allegedly failed to comply with the standards regarding employee discipline set forth in Article 16 of an unratified agreement dated January 1, 1983, between NJTRO and the Policemen's Benevolent Association. McQuestion alleges that the hearing officer at the in-house trial, a salaried NJTRO employee, admitted that NJTRO did not have such written procedures, and, consequently, McQuestion's lawyer did not know how to proceed during the in-house trial, which resulted in McQuestion not receiving a fair and impartial trial.

Furthermore, McQuestion argues that the NRAB made no finding or offered any support in the record for any purported custom and usage in past NJTRO trials to justify the hearing officer's decision to overrule and deny the following objections and requests made by McQuestion during the in-house trial: McQuestion's demand before trial for a copy of an undescribed statement made by him; McQuestion's objection to extending the trial past thirty

5

days; Slawsky's failure to be present at trial and Slawsky's resulting inability to effectively evaluate credibility;[2] and introduction of untrustworthy hearsay evidence at trial. According to the Complaint, if the NRAB had properly addressed the above points McQuestion raised in his petition, the NRAB would not have upheld McQuestion's termination by NJTRO.

Finally, McQuestion makes the following allegations in his Complaint: (1) Slawsky prejudged McQuestion's guilt by suspending McQuestion from service prior to the conclusion of the in-house trial; (2) there was no finding by the NRAB to support Slawsky's decision to hold McQuestion out of service pending trial; (3) the NRAB failed to consider custom and usage in police operations regarding shooting from a moving vehicle and therefore wrongly upheld McQuestion's termination; and (4) the NRAB failed to consider McQuestion's claim that his constitutional rights were violated.

McQuestion argues that the NRAB's rejection of the aforementioned arguments raised by McQuestion demonstrates the NRAB's failure to comply with the requirements of the RLA. The RLA "establishes a 'comprehensive framework' for resolving labor disputes in the railroad and airline industries." *The E. Pilots Merger Comm., Inc. v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.)*, 484 F.3d 173, 182 (3d Cir. 2007) (citing *Indep. Ass'n of Cont'l Pilots v. Cont'l Airlines,* 155 F.3d 685, 689 (3d Cir. 1998)). Under the RLA, there is a "mandatory arbitral mechanism for the 'prompt and orderly settlement' of two classes of disputes." *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994) (quoting 45 U.S.C. § 151a).

The first class of disputes, major disputes, concerns "rates of pay, rules or working

---

[2]McQuestion alleges that Slawsky based his assessment of the witnesses' credibility, and ultimately his decision to terminate McQuestion, solely on the trial transcript.

conditions [and] relate[s] to 'the formation of collective [bargaining] agreements or efforts to secure them.'" *Id.* The second class, minor disputes, "gro[ws] out of grievances or out of the interpretation or application of agreements covering rates of pay, rules, or working conditions [and] involve[s] controversies over the meaning of an existing collective bargaining agreement in a particular fact situation." *Id* at 252-253 (quoting 45 U.S.C. § 151a). In other words, "major disputes seek to create contractual rights, minor disputes to enforce them." *Int'l Ass'n of Machinists and Aerospace Workers v. U.S. Airways*, 358 F.3d 255, 260 (3d Cir. 2004) (quoting *Consol. R.R. Corp.v. Ry. Labor Executives' Ass'n*, 491 U.S. 299, 302 (1989)).

In his Complaint, McQuestion does not explicitly state how the NRAB failed to comply with specific requirements of the RLA. Regardless, none of the claims raised by McQuestion fall under the two classes of disputes established by the RLA. McQuestion's allegations concerning the NRAB's failure to comply with specific requirements of the RLA lack legal support and cannot constitute a basis for this Court to set aside or remand Interpretation No. 1. Nor is there a basis to find that the NRAB failed to conform, or confine, itself to matters within the scope of its jurisdiction. As with McQuestion's allegation concerning the NRAB's failure to comply with the requirements of the RLA, McQuestion has not sufficiently demonstrated how the NRAB's rulings on arguments raised by McQuestion in his petition show that the NRAB has acted outside the scope of its jurisdiction.[3]

Essentially, McQuestion is contending that he was denied due process by the NRAB because the NRAB did not appropriately consider his arguments and evidence. The Third Circuit

---

[3]McQuestion does not allege that any member of the NRAB acted in a fraudulent or corrupt manner.

has held that a district court cannot hear a challenge to an order of the NRAB based upon due process arguments. *United Steelworkers of Am. Local 1913 v. Union R.R. Co.*, 648 F.2d 905, 911 (3d Cir. 1981) (citing *Union Pac. R.R. Co.*, 439 U.S. at 93-94 (rejecting an appellate court's decision to set aside a NRAB award based on a determination that the plaintiff was deprived of due process before the NRAB)). Additionally, in a similar situation, another court in this District has determined that "[i]t is well settled that the [NRAB] has exclusive jurisdiction to review and weigh the evidence. Under the RLA, a court may not retry plaintiff's claims." *Malloy v. Nat'l R.R. Passenger Corp.*, No. 90-1434, 1990 WL 163243, at *3 (D.N.J. Oct. 23, 1990) (citation omitted); *see also Andrews v. Louisville & N.R.R.*, 406 U.S. 320, 324 (1972)). In other words, this Court does not have *de novo* review.

In *Malloy*, the plaintiff was charged with violating several of Amtrak's operating and safety rules when he failed to obey a stop sign. The plaintiff, an Amtrak engineer, alleged that the NRAB failed to properly consider evidence in support of his argument that he lost consciousness due to stress, fatigue, and illness. The plaintiff appealed Amtrak's findings of various violations to the NRAB, and the NRAB upheld Amtrak's findings. The *Malloy* court held that the plaintiff's claim that the NRAB did not appropriately consider the plaintiff's arguments and evidence does not meet the RLA's requirements for setting aside a NRAB ruling. *Malloy*, 1990 WL 163243, at *3.

Similar to the argument rejected in *Malloy*, McQuestion's allegations that the NRAB failed to appropriately consider McQuestion's arguments and evidence does not provide a basis for this Court to set aside or remand Interpretation No. 1. Thus, this Court concludes that McQuestion's claims do not meet any of the three bases for setting aside or remanding an order

8

of the NRAB and must therefore be dismissed. Thus, this Court will grant NJTRO's motion to dismiss, rendering McQuestion's cross-motion for summary judgment moot.

### *Conclusion and Order*

For the foregoing reasons, Defendant NJTRO's motion to dismiss for failure to state a claim (Doc. No. 8) is hereby GRANTED, and Plaintiff McQuestion's cross-motion for summary judgment (Doc. No. 28) is DENIED AS MOOT. Plaintiff McQuestion's Complaint is hereby DISMISSED. The Clerk shall mark this matter CLOSED.

Dated: December 9, 2008
Newark, New Jersey

/s/ Harold A. Ackerman
U.S.D.J.